*Singh v. Lynch*

BIA
Christensen, IJ
A200 597 159

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of July, two thousand fifteen.

PRESENT:
        JOHN M. WALKER, JR.,
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
            *Circuit Judges.*
_____

ASHWINDER SINGH,
        *Petitioner,*

        v.                                          14-2384
                                                    NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Jaspreet Singh, Law Office of
                         Jaspreet Singh, Jackson Heights, New
                         York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy
                         Assistant Attorney General; Stephen

J. Flynn, Assistant Director; Arthur L. Rabin, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ashwinder Singh, a native and citizen of India, seeks review of a June 4, 2014, decision of the BIA affirming a July 31, 2012, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ashwinder Singh,* No. A200 597 159 (B.I.A. June 4, 2014), *aff'g* No. A200 597 159 (Immig. Ct. N.Y. City July 31, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

For asylum applications like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Here, under "the totality of the circumstances," the IJ's adverse credibility determination is based on substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii).

Singh sought asylum and related relief based on his claim that several of his family members, including Singh himself, were threatened, beaten, and even killed based on their affiliation with the Shiromani Alkali Dal Amritsar ("SAD"), a Sikh political party. Singh testified that two Congress Party members and two police officers came to his home, beat him, and accused him of being a militant on behalf of SAD. However, Singh's written statement in support of his asylum application does not mention that police were present on that date. This

3

inconsistency is supported by the record.  *Xiu Xia Lin*, 534 F.3d at 163-64.

The IJ also relied on a discrepancy between Singh's testimony and a letter from his doctor.  Singh testified that he was assaulted by Congress Party members and police on October 3, 2009, and that he sought medical treatment on that same day. He submitted a letter from his doctor, stating that he was treated on October 3, 2010—when Singh was already in the United States.  Singh explained that the doctor simply made a mistake and that he meant to write 2009, not 2010.  After the hearing, Singh submitted an updated letter with the date changed to 2009 and a statement from the doctor explaining the mistake.  The IJ declined to accept this explanation because Singh only amended the note after the inconsistency had been pointed out to him at his merits hearing.  The IJ's finding is supported by the record.  *Xiu Xia Lin*, 534 F.3d at 163-64.  Moreover, the IJ was not required to accept Singh's updated letter. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ relied on an additional discrepancy between Singh's testimony and his uncle's death certificate.  According to Singh, his uncle died in June 2009, but Singh stated that he

had never seen the death certificate, which is dated 2010 and is unauthenticated. The IJ reasoned that Singh's unfamiliarity with the document diminished his credibility. This finding is questionable: the IJ did not explain how the irregularities in the death certificate bear on Singh's credibility, and the record contains no information about the conditions under which death certificates are issued in India. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir. 2005) (holding that it was improper speculation to rely on assumptions about foreign practices with no evidence of those practices). Nonetheless, the IJ was entitled to rely on the fact that Singh had never seen the death certificate for his own relative submitted in his own case, as this does cast doubt on Singh's credibility. *Xiu Xia Lin*, 534 F.3d at 163-64 (holding that IJ may rely on any inconsistency, however minor).

Under the REAL ID Act, the IJ is entitled to rely on inconsistencies that do not go to the "heart" of the claim. 8 U.S.C. § 1158(b)(1)(B)(iii). And here, the IJ reasonably relied on the cumulative impact of the three discrepancies. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). Accordingly, the IJ's adverse credibility finding is supported by

5

substantial evidence. 8 U.S.C. § 1158(b)(1)(B)(iii). This finding was sufficient to deny asylum, withholding of removal, and CAT relief, as all three claims were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006) (withholding); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                          FOR THE COURT:
                          Catherine O'Hagan Wolfe, Clerk